157 N.J. Super. 495 (1978)
385 A.2d 249
MILDRED Z. ELLIOTT AND STEPHEN J. ELLIOTT, PLAINTIFFS-APPELLANTS,
v.
EVELYN K. SIMON AND THE NORTHEAST CORPORATION, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Submitted February 14, 1978.
Decided March 13, 1978.
*496 Before Judges ALLCORN, MORGAN and HORN.
Mr. Samuel R. Williamson, attorney for appellants.
Messrs. Dwyer, Connell & Lisbona, attorneys for respondents (Mr. Raymond R. Connell on the brief).
PER CURIAM.
The segment of N.J.S.A. 39:6A-8, the so-called "tort exemption" or threshold provision of the No-Fault Law, pertinent to this appeal, reads as follows:
There shall be no exemption from tort liability if the injured party has sustained death, permanent disability, permanent significant disfigurement, permanent loss of any bodily function or loss of a body member in whole or in part, regardless of the right of any person to receive benefits under section 4 of this act.
The foregoing provision follows the section creating an exemption from tort liability where the cost of treatment for soft tissue injury, exclusive of hospital expenses, X-rays and other diagnostic medical expenses, is less than $200.
In this case plaintiff, a passenger in an automobile involved in an accident with another vehicle, sustained as a result thereof "cervical myofascitis, trapezial myositis, lumbosacral sprain," clearly injury of the soft tissue type, and incurred less than $200 in medical expenses for treatment of these injuries, excluding from this calculation the costs of all diagnostic procedures. In her answers to interrogatories, however, plaintiff averred that these injuries were permanent in nature; her medical expert's report described plaintiff's *497 condition, at the time of his examination about two years after the accident, as being "chronic and fixed." The prognosis was viewed as "guarded."
Defendants moved for dismissal of the complaint on the ground that plaintiff's tort claim was barred by N.J.S.A. 39:6A-8 because the cost of treating her soft tissue injuries totalled less than $200. In her brief filed in opposition to this motion, however, plaintiff contended that the insufficiency of her medical expenses did not bar her tort remedy because her injuries were permanent in nature, that is, caused "permanent disability" within the meaning of the section of N.J.S.A. 39:6A-8 quoted at the outset of this opinion. In a reported opinion, 148 N.J. Super. 74 (Law Div. 1977), the trial judge dismissed the complaint on the ground that the cost of treating plaintiff's soft tissue injuries, exclusive of costs of diagnosis, was less than $200. He did not, however, rule on plaintiff's contention that the threshold amount was irrelevant where the soft tissue injury resulted in permanent disability. Indeed, the opinion makes no mention thereof. Without moving for reargument on the ground of the absence from the judge's opinion of a ruling on plaintiff's sole defense to defendant's motion, plaintiff took this appeal.
Before addressing the merits of this appeal, we deem it necessary to comment upon its procedural context. Through an unfortunate, but understandable confusion concerning the return date of defendant's motion, plaintiff's counsel did not appear. As defendant's counsel, who did appear, did not seek to argue the matter, the trial judge declined to adjourn the motion, heard no argument, but reserved decision, deciding it by opinion several weeks later. Although the opinion failed to rule on plaintiff's sole defense to the motion, and, indeed, failed to even mention the contention, plaintiff never moved for reconsideration on that ground. Had trial counsel brought this oversight to the attention of the trial judge, we have little doubt but that the omission would have been corrected and a ruling thereon obtained. The present appeal, its attendant costs to the litigants, its use of the considerable appellate *498 machinery of this State to decide a substantial question without a trial court ruling, might well have been avoided. We take this opportunity to advise the trial bar that, notwithstanding the absence of any such requirement in the rules, matters which are capable of correction at the trial level should, as a matter of economy and convenience, be handled there by way of motion to the trial court.
On the merits of the issue presented, we are convinced that a genuine issue of material fact, whether plaintiff's soft tissue injuries resulted in permanent disability within the meaning of N.J.S.A. 39:6A-8, was created by plaintiff's answers to interrogatories and the report of her medical expert which described her injuries as being "chronic and fixed." Dismissal of the complaint on motion was, in those circumstances, inappropriate. Under the plain meaning of N.J.S.A. 39:6A-8, failure to reach the monetary threshold will not bar a tort action based upon a permanently disabling soft tissue injury. Where, as here, plaintiff alleges such injury and provides some indication that evidential support therefor is available, a genuine issue of fact precludes a dismissal of a tort claim on motion before trial. If the evidence at trial warrants, the issue should be submitted for jury consideration. See, Seskine v. Cone, 139 N.J. Super. 307 (Law Div. 1976); Rescigno v. Picinich, 151 N.J. Super. 587, 591-92 (Law Div. 1977).
Reversed and remanded for trial.